# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## 5:16-cv-00226-FDW

| | |
|---|---|
| STERLING BESS, | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| FNU PERRY, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Complaint under 28 U.S.C. §§ 1915A and 1915(e).[1] Also before the Court is Plaintiff's motion for extension of time to serve process on Defendants. (Doc. No. 9.)

### I.     BACKGROUND

Plaintiff is a prisoner of the State of North Carolina who, for all relevant times, was incarcerated at Alexander Correctional Institution ("ACI"). He filed this action on December 22, 2016, pursuant to 42 U.S.C. § 1983. Plaintiff has named FNU Perry, a Correctional Officer at ACI, Susan White, the Superintendent of ACI, and Eric Dye, the Assistant Superintendent of ACI, as Defendants. Plaintiff's action against Defendants is based on the following factual allegations:

> On 10-4-16 at [ACI] my personal property was taken without my authorization to proceed in the actions, thereby committing larceny and violating the 4th Amendment and Administrational Due Process. Mr. Perry who is a [sic] officer did all the above in the eyes of my peers and other co-workers, while Ms. Susan White and Mr. Eric Dye allowed the evil actions without Due Process of law or

---

[1] Plaintiff filed an application to proceed in forma pauperis along with the Complaint. (Doc. No. 2.) On January 31, 2017, the Clerk of Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 5).

1

under the authority of law.

(Compl. 3, Doc. No. 1.) Plaintiff seeks compensation for his property. (Compl. 5.)

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the Complaint, or any portion of the Complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). The liberal construction requirement, however, will not permit a district court to ignore a plaintiff's clear failure to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. For the reasons that follow, Plaintiff has failed to state a claim upon which relief may granted under § 1983.

As an initial matter, Plaintiff cannot state a claim under the Fourth Amendment because, as an incarcerated state prisoner, he has no reasonable expectation of privacy under the Fourth

Amendment.  See Hudson v. Palmer, 468 U .S. 517, 530 (1984) (holding that prison inmates do not have reasonable expectations of privacy within prison cognizable under the Fourth Amendment).  In other words, Plaintiff cannot be deprived of a Constitutional right that, as a prisoner, he does not enjoy.

Plaintiff also fails to state a procedural due process claim.  When an inmate's property is taken or destroyed through the unauthorized acts of a state employee, an inmate may not bring a due process claim in federal court if there exists an adequate remedy under state law.  Hudson, 468 U.S. at 533.  While Plaintiff asserts that Defendants White and Dye were aware of Defendant Perry's actions, he does not allege that either authorized Perry to take Plaintiff's property.  Indeed, under the allegations of the Complaint, Defendants White and Dye are sued under a theory of supervisory liability.  Neither is alleged to have acted directly in violation of Plaintiff's rights; rather, they are alleged to be liable to Plaintiff for failing to take action to remedy or prevent the actions of Defendant Perry.  Additionally, Plaintiff has an adequate state post-deprivation remedy for the loss of his property. See N.C. Gen. Stat. § 143–291 (2009) (establishing the Industrial Commission to hear tort claims against the employees of state agencies).  Consequently, Plaintiff has failed to allege sufficient facts to set forth a cognizable due process claim.

## IV.   CONCLUSION

Plaintiff has failed to state a claim upon which relief may be granted.  As such, his Complaint shall be dismissed.  See §§ 1915A and 1915(e).  Because Plaintiff has not been afforded the opportunity to amend his Complaint, dismissal shall be without prejudice.

## V.   ORDER

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED** without prejudice for the reasons stated herein;

2. Plaintiff's motion for extension of time to serve process on Defendants (Doc. No. 9) is **DISMISSED** as moot; and

3. The Clerk is directed to close this case.

**SO ORDERED.**

Signed: June 6, 2017

Frank D. Whitney
Chief United States District Judge